## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| **RYAN RICHMOND** | § | |
| *Plaintiff,* | § | **4:23-cv-00958-Y** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **NEW TECH SYSTEMS, INC.** | § | |
| *Defendant.* | § | |

### FIRST AMENDED COMPLAINT

Plaintiff Ryan Richmond ("Richmond" or "Plaintiff") comes now to file his *First Amended Complaint* against Defendant New Tech Systems, Inc., following its removal from state court.

In this suit, Plaintiff seeks redress for Defendant's illegal termination of Plaintiff's employment in violation of the Americans with Disabilities Act, and Title VII, which forbid termination of employees without good faith religious accommodations.

### I.    DEMAND FOR JURY TRIAL

1.    Plaintiff demands a jury trial.

### II.    PARTIES

2.    Plaintiff Ryan Richmond is a U.S. citizen residing in Tarrant County, Texas. The parties may serve Plaintiff through his attorney of record, the undersigned.

3.    Defendant New Tech Systems Inc. is a Texas corporation. Parties may serve the Defendant through its registered agent, Jon Gallini/Gallini Law, PLLC, at 990 N. Walnut Creek Drive, Suite 1003, Mansfield, TX, 76063.

### III.    JURISDICTION AND VENUE

4.    This Court exercises subject matter jurisdiction under 28 U.S.C. § 1331, which confers original jurisdiction on federal district courts to hear suits arising under the laws and Constitution

of the United States and under 42 U.S.C. § 12188(a) where the ADA grants subject matter jurisdiction to federal courts.

5.      The damages sought are within the jurisdictional limits of this court.

6.      Venue is proper in this District under 28 U.S.C. § 1441(a) as the District where substantial events or omissions giving rise to Plaintiff's claims occurred.

### IV.    FACTS

7.      The Plaintiff, Ryan Richmond, was employed by Defendant between November 29, 2004, and August 31, 2021.

8.      Defendant did not initially require its employees to be vaccinated, but rather required them to report their vaccination status and submit to testing if they were unvaccinated.

9.      Richmond sought accommodation on religious grounds and notified Defendant, noting that "I can't bear false witness to something I know to be false. To be untrue," and "it comes down to obeying God rather than man. So, I don't want my temple being obstructed or corrupted, even by a test, because of man's law."

10.     Defendant had neither a vaccination policy in place, written or otherwise, nor a written testing policy. Defendant had merely a poorly-written masking policy in place.

11.     On August 24, 2021, Richmond desired to return to work following a minor illness. He was informed by General Manager Morgan Howell that he needed a negative COVID-19 test or a medical doctor's release to return to work. (Exhibit A.)

12.     Richmond believes that submitting to a COVID-19 test would be tantamount to submission to, and even worship of, an entity other than his God, so he booked a medical consultation and provided Howell with a release from the doctor who saw him.

13.     Howell then reversed her previous requirements and stated that the release was not sufficient, and that COVID-19 testing would be required for Richmond to return to work.

14.     As an alternative to testing, Richmond offered to work from home until his employer was satisfied he was not carrying COVID-19.

15.     Howell reiterated that Richmond would need to submit a negative COVID-19 test by 8:00 the next Monday, August 30, 2021, in order to return to work.

16.     Richmond refused to be tested, and Defendant gave him 10 days to comply or suffer termination for insubordination. (Exhibit A.)

17.     Richmond holds sincere religious beliefs that prevent him from accepting the COVID-19 vaccination or even allowing himself to be tested for COVID-19.

18.     To the matter of the veracity of Richmond's sincerely held beliefs, while there may be some who consider COVID-19 vaccines and testing to be acceptable as a matter of religious doctrine or belief, it is not legally acceptable for a company to determine whether an individual has a correct understanding of religious doctrine or whether that individual's sincerely held religious beliefs are shared broadly among members of his faith.

19.     Richmond prayed about how to respond to the COVID-19 testing directive in light of his religious beliefs.  First, he believes his body belongs to God and is the temple of His Holy Spirit. *1 Corinthians* 6:19-20 (King James).

20.     He interprets the Bible as requiring him to take special care what he put into his body.  He believes God's promise that "if anyone lacks wisdom, let him ask of God, who gives to all liberally." Richmond based his decision on the scripture:

> Know ye not that ye are the temple of God and that the Spirit of God dwelleth in you? If any man defiles the temple of God, him shall God destroy; for the temple of God is holy, which temple ye are…What? Know ye not that your body is the temple of the Holy Ghost, which is in you, which ye have of God, and ye are not your own?
>
> *1 Corinthians* 3:16-17, 16:19 (King James).

21.     His faith maintains his firmly held religious belief that his body is the temple of the Holy Spirit. It is a God-given responsibility and requirement for him to protect the physical integrity of his body against unclean food and some medical treatments, medication, testing etc. He views COVID-19 testing as a violation of his bodily temple.

22.     Richmond further represents that it is against his faith and his conscience to willingly commit sin.  He views sin as anything that violates the will of God, as set forth in the Bible, and as impressed upon the heart of the believer by the Holy Spirit.  In order to keep himself from sin, and receive God's direction in life, he prays and asks God for wisdom and direction daily.  As part of his prayers, he has asked God for direction regarding the current COVID-19 testing requirement. He has prayed about what he should do, and he believes that the Holy Spirit has impressed upon his heart and conscience the conviction that he cannot accept the COVID-19 vaccine or submit to COVID-19 testing.  If he were to go against what he perceives to be the will of the Holy Spirit, he would be sinning and jeopardizing his relationship with God and violating his conscience.

23.     Receiving a COVID-19 test would violate Richmond's deeply-held beliefs about honoring God in caring for his body.

24.     Plaintiff was fired on August 30, 2021, for failure to accede to Defendant's demands that he receives the COVID-19 vaccine or submit to COVID testing.

## V.     CAUSE OF ACTION

### A.  Violation of the Americans with Disabilities Act or ADA.

25.     The ADA prohibits employers from making "inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 USCS § 12112(d)(4)(A).

26.    An employee need not be disabled to raise a claim under 42 U.S.C. 12112 (d). *Taylor v. City of Shreveport*, 798 F.3d 276, 284 (5th Cir. 2015). The plaintiff-employee must show that the violation resulted in some sort of tangible injury. *Armstrong v. Turner Indus., Inc*., 141 F.3d 554, 561 (5th Cir. 1998). Finally, the plaintiff-employee must show a causal link between the violation and the damages he seeks. *Buchanan v. City of San Antonio*, 85 F.3d 196, 200 (5th Cir. 1996).

27.    Defendant New Tech Systems violated § 12112(d)(4)(A) by impermissibly requiring its employees to report medical history other than what was job-related and consistent with business necessity. In its policy, Defendant required its employees to report whether they had obtained a COVID-19 vaccine.

28.    Additionally, if the employee requested an accommodation to the mandatory vaccine policy, Defendant required that employee to show why he needed that accommodation with specific medical reports, i.e., a doctor's note.

29.    Defendant bears the burden of showing why these reporting requirements are job-related and consistent with business necessity. *Taylor v. City of Shreveport*, 798 F.3d 276, 286–87 (5th Cir. 2015).

30.    Defendant's policy caused Plaintiff's damages. But for Defendant asking after Plaintiff's vaccination status and medical records, Defendant would not have suspended Plaintiff.

31.    Additionally, it was foreseeable to the ordinary reasonable person that if Defendant asked after its employee's vaccination status and medical records, it would statistically discover some of those employees were not vaccinated for COVID-19. Then, Defendant would foreseeably need to act on that knowledge. Since Defendant had stated that suspension was a likely consequence of failing to get the COVID-19 vaccine or COVID-19 testing, it could foresee suspending some of the employees it discovered had not been vaccinated and subsequently refused testing. Therefore,

Defendant's policy violated Plaintiff's rights under § 12112(d)(4)(A), entitling Plaintiff to damages.

32.      Additionally, when an employee states that he cannot receive the vaccine for medical reasons, such as an allergic reaction or prior COVID-19 infection, the ADA requires the employer to show that an unvaccinated person presents a risk of substantial harm to others that cannot be eliminated or reduced by reasonable accommodations that will not present an "undue hardship." *See* 29 C.F.R. 1630.2(o).

33.      When an employee requests an exemption from vaccination requirements, the employer must engage in an "interactive process" with that employee to consider potential reasonable accommodations – such as working apart from others or working from home – before terminating that employee. The company may request supporting documentation when necessary.

34.      Defendant also violated the ADA by failing to consider reasonable accommodations that did not present an undue hardship to the Defendant. The option of COVID-19 testing was not a reasonable accommodation because it also violated Plaintiff's sincerely held religious beliefs.

35.      Defendant has also violated 42 U.S.C. Sec. 12112(d)(4)(A) of the ADA. Although Defendant alleges that the EEOC's position, that requesting documentation or other confirmation of vaccination is not a disability-related inquiry under the ADA, and the ADA's rules about making such inquires do not apply.[1] Indeed, *Fed. Exp. Corp. v. Holowecki*, stands for the proposition that the EEOC's interpretive statements "reflect a body of experience and informed judgment to which courts and litigants may properly resort to guidance" 552 U.S. 389, 399 (2008).

---

[1] U.S. Equal Employment Opportunity Commission, What you Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws, Updated May 15, 2023, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws

36.     However, "may" is not "must," and the EEOC admits that its guidance is not binding on courts. The EEOC admits that "[r]egulations issued by EEOC without explicit authority from Congress, called 'interpretive regulations,' do not create any new legal rights or obligations, and are followed by courts only to the extent they find EEOC's position to be persuasive."[2]

37.     The Supreme Court of the United States has held that where the text of the ADA is sufficiently clear, courts need not defer to the EEOC's or DOJ's interpretive guidance on a subject. *See Sutton v. United Air Lines, Inc*., 527 U.S. 471, 479 (1999). Furthermore, Defendant's conduct failed to take into account the Supreme Court's rulings that Congress did not delegate rulemaking authority to any agency to implement the generally applicable provisions of the ADA outside of Titles I-V. *See Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 563 n.10 (1999); *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 194 (2002).

38.     Further, the specific and narrow ADA claim by Plaintiff in this case is that Defendant violated the ADA when inquiring into medical information that could foreseeably reveal a disability. *See Taylor v. City of Shreveport*, 798 F.3d 276, 285 (5th Cir. 2015) (teaching that any request for medical information that may tend to reveal a disability, including a request for a general diagnosis, is sufficient to trigger Title I's protections). *Taylor v. Principle Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996)(duty to launch interactive process is triggered by request for an accommodation).

**B. Religious Objections to medical inquiries under Title VII.**

39.     Under Title VII, if an employee states that he will not consent to medical treatment based on a sincerely held religious belief, practice or observance, the employer must evaluate whether a

---

[2] U.S. Equal Employment Opportunity Commission, What you Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws, Updated May 15, 2023, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws

reasonable accommodation exists that would not result in an "undue hardship" for the company. *See* 42 U.S.C. § 2000e-2(e). Accommodations may include moving the employee to a different position with less contact with people or allowing the employee to work from home, when feasible. When a reasonable accommodation that would not present an undue hardship on the employer does not exist, or is rejected by the employee, in some situations, the employer may exclude the employee from the workplace.

40.     As the Supreme Court has recognized, "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Thomas v Rev. Bd. Of Ind. Emp. Sec. Div.*, 450 U.S. 707, 714 (1981)*. See also Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). Additionally, it is also not a necessary precondition for an exemption for an individual to hold membership in, or adherence to the tenets of an organized religion. See *Frazee v. Ill. Dep't of Emp. Sec.*, 489 U.S. 829, 834 (1989).

41.     In this case, as stated previously and as shown by the facts of the case, the Defendant failed to give Plaintiff reasonable accommodation for his sincerely held religious beliefs. It even failed to engage in discussions with Plaintiff about possible accommodations for his religious beliefs. Therefore, it violated the requirements of Title VII.

### C.  Plaintiff's Termination did not comply with the present EEOC guidance.

42.     On July 12, 2022, the EEOC validated Plaintiff's position, updating its guidance:

> EEOC makes clear that going forward employers will need to assess whether current pandemic circumstances and individual workplace circumstances justify viral screening testing of employees to prevent workplace transmission of COVID-19. A.6. offers employers possible factors to consider in making this assessment, including community transmission levels and types of contacts between employees and others in the workplace.[3]

---

[3] U.S. Equal Employment Opportunity Commission, What you Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws, updated May 15, 2023, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (accessed November 17, 2023.)

43.     Clearly, Plaintiff was not afforded the benefit of the EEOC's present guidance, including the individual workplace circumstances of Plaintiff that would have allowed him to carry out his work without damaging Defendant in any way or putting any fellow employees at risk.

## VI.   DAMAGES

44.     Plaintiff seeks $250,000.00 in salary and backpay due to his termination in violation of the Americans with Disabilities Act and Title VII.

## VII.   PRAYER

Plaintiff respectfully prays that this Court issue citations for Defendant to appear and answer, and that this Court award to Plaintiff the following relief:

a.   Judgment against Defendant for actual damages of at least $250,000.00;

b.   Pre-judgment and post-judgment interest as provided by law;

c.   Court costs; and

d.   All other relief to which Plaintiff may be justly entitled in law and equity.

Respectfully submitted,

Norred Law, PLLC
By: /s/ *Warren V. Norred*
Warren V. Norred
Texas Bar Number 24045094
warren@norredlaw.com
515 E. Border St., Arlington, Texas 76010
P. 817-704-3984
*Attorney for Plaintiff*

Attachments:

Exhibit A – Email Exchange Between the Parties

Exhibit B – EEOC Notice of Right to Sue

Exhibit A

**From:** Morgan Howell <m.howell@newtechsystems.com>
**Date:** August 24, 3 Reiwa at 4:43:57 PM CDT
**To:** Ryan Richmond <r.richmond@newtechsystems.com>, Pat Hanlon <p.hanlon@newtechsystems.com>
**Cc:** Elena Page <e.page@newtechsystems.com>
**Subject: RE: Out of office**

Ryan,

After giving this situation additional thought, I must admit that I should not have mentioned the option of providing a medical doctor's release because it is outside of the policy that New Tech Systems has consistently maintained throughout the ongoing pandemic.  Therefore, you will be required to submit a copy of a negative test for the COVID virus by 8:00 A.M., Monday, August 30, 2021.  You will continue to be paid your current salaried wages through the end of the workday, Friday, August 27, 2021.

Respectfully,

Morgan

**From:** Ryan Richmond
**Sent:** Tuesday, August 24, 2021 12:09 PM
**To:** Pat Hanlon <p.hanlon@newtechsystems.com>
**Cc:** Morgan Howell <m.howell@newtechsystems.com>; Elena Page
<e.page@newtechsystems.com>
**Subject:** Re: Out of office

Pat,

I respectfully decline as is my right.  I have provided a work release as Morgan also
suggested.  If you all would feel safer paying me to stay home for two weeks to prove
I'm not sick, as you wish.  I will work from home to the best of my abilities. Otherwise
I'd like to to return.

Best Regards,

Ryan Richmond

Mobile

From: Ryan Richmond <r.richmond@newtechsystems.com>
Date: August 24, 3 Reiwa at 10:43:42 AM CDT
To: Elena Pag From: Ryan Richmond <r.richmond@newtechsystems.com>

Date: August 24, 3 Reiwa at 10:43:42 AM CDT

To: Elena Page <e.page@newtechsystems.com>, Morgan Howell
<m.howell@newtechsystems.com>, Pat Hanlon <p.hanlon@newtechsystems.com>

Subject: Fwd: release

Here is the requested doctors note:

Best Regards,

Ryan Richmond

Mobile

Begin forwarded message:

From: Ryan Richmond <richmond_rm@yahoo.com>

Date: August 24, 3 Reiwa at 10:37:23 AM CDT

To: Ryan Richmond <r.richmond@newtechsystems.com>

Subject: release

release.pdf

15.5kB

e <e.page@newtechsystems.com>, Morgan Howell <m.howell@newtechsystems.com>,
Pat Hanlon <p.hanlon@newtechsystems.com>
Subject: Fwd: release

Here is the requested doctors note:

Best Regards,

Ryan Richmond

Mobile
Begin forwarded message:

From: Ryan Richmond <richmond_rm@yahoo.com>
Date: August 24, 3 Reiwa at 10:37:23 AM CDT
To: Ryan Richmond <r.richmond@newtechsystems.com>
Subject: release



08/24/2021

SUBJECT: School/Work Medical Excuse Note

RE: RYAN RICHMOND

To Whom It May Concern:

**RYAN RICHMOND** had a medical visit with me on Tuesday, August 24, 2021.

Based on this evaluation, please excuse this patient from school and/or work on the following dates due to a medical issue:

Start Date: August 23, 2021

End Date: August 24, 2021

If the patient is feeling better, they should be able to return to school and/or work after the end date above. If they are not feeling better, they should be evaluated further.

Thank you,

Chad Rhoden, MD

MDLIVE Medical Group
800 400-6354

On Aug 24, 3 Reiwa, at 10:20 AM, Pat Hanlon <p.hanlon@newtechsystems.com> wrote:

Ryan,


I suggest that you comply with Morgan's suggestion and go get a Covid test at CVS. It is free and it takes 24 hours or less to get the results. You will be paid for the time off while waiting for the results. You owe it to your colleagues (and your personal customers) to do this. The company cannot force you to get a vaccination and this is not what we are asking. Although I am against the vaccination in general, I have been tested four times so far to make sure that I would not accidentally expose somebody close to me with Covid. This is the world we live in.  Hopefully you don't have the virus. Thanks

Pat


Sent from my iPhone


On Aug 24, 2021, at 9:28 AM, Morgan Howell <m.howell@newtechsystems.com> wrote:


Ryan,


To the best of my knowledge all NTS employees that have reported signs of Covid have been required to take the same steps as those that have been asked of you.  If an employee were to have reflected a fever when NTS was actively performing temperature checks, they would have been sent home and not permitted to return without copies of a negative test or a medical doctor's release.


As a matter of being consistent I think you should be held to the same standards.  Please quarantine until you can provide a negative test or a medical doctor's release.

 Thanks,

Morgan

**From:** Ryan Richmond
**Sent:** Tuesday, August 24, 2021 8:26 AM
**To:** Morgan Howell <m.howell@newtechsystems.com>
**Cc:** Elena Page <e.page@newtechsystems.com>; Pat Hanlon
<p.hanlon@newtechsystems.com>
**Subject:** RE: Out of office

Morgan,

I am opposed to more than just vaccinations, I am opposed to forced testing and being
discriminated against.  I have demonstrated for the record that I am without symptom or
ailment for the benefit of everyone here.   Refer to video.

## Best Regards,

## Ryan Richmond

Production Manager

<image001.jpg>

603 S. Wisteria st.

Mansfield, TX 76063

(817) 779-6262 Office EXT. 1051

(817) 549-9064 FAX

*Manufacturer of Quality Pipe Inspection Equipment*

**From:** Morgan Howell
**Sent:** Tuesday, August 24, 2021 8:21 AM
**To:** Ryan Richmond <r.richmond@newtechsystems.com>
**Cc:** Elena Page <e.page@newtechsystems.com>; Pat Hanlon
<p.hanlon@newtechsystems.com>
**Subject:** RE: Out of office

Ryan,

I understand you have a firm stance in your position pertaining to the Covid vaccinations
but I also have the duty of making sure a safe workplace environment is provided to the
rest of the NTS employees.  I suggest you leave the workplace until a final decision is
made.

Thanks,

Morgan

**From:** Ryan Richmond
**Sent:** Tuesday, August 24, 2021 8:01 AM
**To:** Morgan Howell <m.howell@newtechsystems.com>
**Cc:** Elena Page <e.page@newtechsystems.com>; Pat Hanlon
<p.hanlon@newtechsystems.com>
**Subject:** Re: Out of office

Best Regards,

Ryan Richmond

Mobile

On Aug 24, 3 Reiwa, at 7:46 AM, Ryan Richmond <r.richmond@newtechsystems.com> wrote:

Morgan,

Upon awakening I am back to normal with no fever.  Unless you force me out of the building today, I have missed one day.  When have you required a note for one day in the past?

It is sad when a 99.9 degree fever is threatening my future livelihood.  My intentions below are not to attack but to inform.

Please note I will not be criminally coerced into ANY medical procedure, testing or otherwise.  Please read up on the Nuremberg code.

Your fear and willful compliance to medical tyranny doesn't give you right, authority, or jurisdiction over me a living man made in the image of his creator.

Nowhere in my employment agreement gives you these powers either.  If it did it would be unlawful.

Plus I believe the company policy states 3 days are permitted before a doctors release is required or something along those lines.  Again, why am I discriminately subject to only 1 day thus far?

Here are some other US/case laws for your review.

Every man is independent of all laws, except those prescribed by nature. He is not bound by any institutions formed by his fellow man without his consent. Mugler v. Kansas 123 U.S. 623, 659-60.

"...all laws which are repugnant to the Constitution are null and void' (Marbury v Madison, 5 US 1803 (2 Cranch) 137, 174, 170).

"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." - Miranda v. Arizona, 384 U.S. 436, 491.

"The claim and exercise of a constitutional right cannot be converted into a crime." Miller v. U.S., 230 F 2d 486, 489.

"There can be no sanction or penalty imposed upon one because of this exercise of Constitutional rights." Sherar v. Cullen, 481 F. 945.

38 U.S. Code § 7316(b) - Malpractice and negligence

18 USC § 1038 FALSE INFORMATION

25 CFR § 11.406 - Criminal coercion
18 US Code § 1346 - Honest service;
18 U.S. Code § 1349. Attempt and conspiracy

Supreme Court rules vaccines are unavoidably unsafe 42 U. S. C. §300aa–22(b)(1)

[CHAPTER 10—BIOLOGICAL WEAPONS
Sec. 175. 18 USC §175, 18 USC §175a, 18 USC §175b, 18 USC § 175c. Variola virus]

21 U.S.C.§ 360bbb-3(e)(1)(A)(ii)(III).
Doe v. Rumsfeld [341 F.Supp.2d 1 (2004)];
CA Health & Safety Code Sec 24172

No EMERGENCY AUTHORIZED MEDICAL PRODUCT CAN BE MANDATED.

(e)(1)(A)(ii)(III). "the option to accept or refuse administration of the product."

A number of additional federal regulations, notably the National Research Act [Title II, Public Law 93-348], Regulations for the Protection of Human Subjects of Biomedical and Behavioral Research [45 CFR §46] and revisions of various other regulations, rules, and laws ([21 CFR §50] [21 CFR §56], [45 CFR §46 Subpart D] [10 CFR §745], [45 CFR §46 Subpart B] [45 CFR §46 Subpart D]), specifically and permanently guarantee that all persons in the United States are entitled to exercise the right of informed consent to accept or to refuse to enroll in any medical experiment.

TERRORISM in criminal violation of 18 U.S.C. §2331(1)(B)(iii) [ Definition of TERRORISM:
The unlawful use of violence and intimidation, especially against civilians, in the pursuit of political aims.]

18 U.S.C § 241 Conspiracy against rights

16 CFR § 1028.116 - General requirements for informed consent.

An example of failure to give informed consent occurs when a doctor gives the patient a written consent form, but fails to explain the medical conditions or jargon the form refers to, or the risk of complication or death from a procedure.

In conclusion, the law is clear that states, and therefore public schools, cannot mandate experimental products and are preempted from mandating any EUA products.
See e.g., Lorillard Tobacco Co. v. Reilly, 533 U.S. 525, 570-71 (2001)

CONSTITUTIONAL AMENDMENTS, CIVIL RIGHTS, NUREMBERG CODE, IC 20-34-3-2, ARTICLE 6 SECTION 2 OF THE CONSTITUTION, UNIVERSAL DECLARATION OF BIOETHICS AND HUMAN RIGHTS.

With all that said it is my hope to return today unhindered.

Thanks

Best Regards,
Ryan Richmond
Mobile

On Aug 23, 3 Reiwa, at 16:17, Morgan Howell <m.howell@newtechsystems.com>
wrote:

Ryan,

Please note that this precautionary request is to be tested; not vaccinated.  And, the results
are confidential and only shared with directly-impacted management.  If this request is
continued to be objected to, the other option would be to acquire a medical release
approving your return.  Hope to see you soon.

Thanks,

Morgan

-----Original Message-----

From: Ryan Richmond

Sent: Monday, August 23, 2021 12:09 PM

To: Elena Page <e.page@newtechsystems.com>

Cc: Morgan Howell <m.howell@newtechsystems.com>

Subject: Re: Out of office

I will not.  It is against my religion.   Once I don't have a fever I will return.  I have no other symptoms.  My temple, my choice.  If you want to require this then I require to see everyone's most recent hepatitis, hIv, and etc  test results as a precaution for my safety.

I will exercise all of my God given constitutionally protected rights to the fullest.

Best Regards,

Ryan Richmond

Mobile


On Aug 23, 3 Reiwa, at 11:26, Elena Page <e.page@newtechsystems.com> wrote:

Ryan,

As a precaution since you are running a low grade fever we would like for you to go get tested for COVID.  Once you have your results, please send them to me so we know that you are clear to return to work or will need to remain out of the office.

Thanks,

Elena Page

Human Resources

Email:  e.page@newtechsystems.com

Website:  www.newtechsystems.com

Phone:  817-779-6262

Fax:  817-549-9064

P.O. Box 639

Mansfield, Texas  76063

Manufacturer of Quality Pipe Inspection Equipment

-----Original Message-----

From: Ryan Richmond

Sent: Monday, August 23, 2021 7:07 AM

To: Elena Page <e.page@newtechsystems.com>; Morgan Howell
<m.howell@newtechsystems.com>

Subject: Out of office

Good morning,

I woke up with a mild fever and think I should stay home today in hopes it clears up by
tomorrow.  I believe it is from the toxin release from the deep tissue massage I had on
Friday.  I will check emails and have instructed Rick what to do.

Best Regards,

Ryan Richmond

Mobile

Exhibit B

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Ryan Richmond** | From: | **Dallas District Office** |
|---|---|---|---|
| | **920 Kingston Drive** | | **207 S. Houston Street, 3rd Floor** |
| | **Mansfield, TX 76063** | | **Dallas, TX 75202** |

| EEOC Charge No. | EEOC Representative | Email |
|---|---|---|
| **450-2022-03868** | **BILLIE CASHAW,** | **billie.cashaw@eeoc.gov** |
| | **Investigator** | |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    More than 180 days have passed since the filing of this charge.

    The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

DEANNA BROOKS TORRES
Digitally signed by DEANNA BROOKS TORRES
Date: 2023.07.12 11:16:24 -05'00'

| Enclosures(s) | for | **Travis M. Nicholson** |
|---|---|---|
| | | **District Director** |

cc:    **Elena  Page**
       **New Tech Systems, Inc.**
       **603 S WISTERIA ST**
       **Mansfield, TX 76063**

       **Warren V Norred**
       **Norred Law, PLLC**
       **515 East Border Street**
       **ARLINGTON, TX 76010**

Exhibit B

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***